1    THOMAS A. WOODS (SB #210050)
     tawoods@stoel.com
2    BAO M. VU (SB #277970)
     bmvu@stoel.com
3    STOEL RIVES LLP
     500 Capitol Mall, Suite 1600
4    Sacramento, CA  95814
     Telephone:  (916) 447-0700
5    Facsimile:  (916) 447-4781

6    Attorneys for Defendants
     JPMorgan Chase Bank, N.A., and
7    Select Portfolio Servicing, Inc.

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10

11   MICHAEL A. WITHERS,                      Case No. 4:14-cv-00351-KAW

12              Plaintiff,                    **MEMORANDUM IN SUPPORT OF
                                              MOTION TO DISMISS PURSUANT
13        v.                                  TO FED. R. CIV. P. 12(B)(6) BY
                                              DEFENDANT JPMORGAN CHASE
14   J.P. MORGAN CHASE BANK N.A., a           BANK, N.A. AND SELECT
     National Association; SELECT PORTFOLIO   PORTFOLIO SERVICING, INC.**
15   SERVICING, INC., a Utah Corporation; and
     DOES 1 through 100, inclusive,           Date:      April 3, 2014
16                                            Time:      11:00 a.m.
                Defendants.                   Dept.:     4
17                                            Judge:     Hon. Kandis A. Westmore

18                                            Complaint Filed: December 20, 2013

19

20

21

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MEMORANDUM IN SUPPORT OF MOTION                              4:14-CV-00351-KAW
TO DISMISS

75634894.1 0052161- 01234

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.  INTRODUCTION**

3    Plaintiff Michael A. Withers borrowed $600,000 in 2005 to acquire property located at

4    886 44th St., Oakland, CA 94608 ("Property").  Only months later, Plaintiff defaulted on his

5    mortgage.  Instead of either making payments or allowing the foreclosure process to proceed–as

6    he agreed to in the Deed of Trust associated with his mortgage–Plaintiff chose to stall foreclosure

7    by filing numerous Voluntary Bankruptcy Petitions.  In *less than* one year (leading up to the

8    October 2013 foreclosure on Property), Plaintiff filed for bankruptcy protection *three* times.[1]

9    More telling, each of his Petitions were dismissed because he did not provide documents or

10   schedules supporting his bare Petitions.

11   Now, Plaintiff brings this action against Defendants JPMorgan Chase Bank, N.A.[2]

12   ("Chase") and Select Portfolio Servicing, Inc. ("SPS") for <u>one</u> alleged violation of the newly-

13   enacted California's Homeowners Bill of Rights, codified at Cal. Civ. Code[3] §§ 2920, *et*

14   *seq.*("HBOR").  Specifically, Plaintiff alleges that Defendants improperly "dual-tracked" him by

15   considering him for a foreclosure prevention alternative while simultaneously advancing the

16   foreclosure process.  *See* Cal. Civ. Code §2923.6.  Plaintiff's claim fails, however, because: (1) he

17   fails to make <u>any</u> allegations that Chase violated the HBOR; (2) the HBOR does not apply to

18   repeat bankruptcy filers, with a pending bankruptcy; and, (3) assuming *arguendo* Plaintiff

19   qualified as a "borrower" under the HBOR, the HBOR provides only for actual damages for

20   "<u>material</u>" violations of Section 2923.6, which Plaintiff has failed to and cannot plead based upon

21   his history of delinquency and bankruptcy filings specifically timed to disrupt foreclosure (*i.e.*,

22   Plaintiff was not prejudiced by any alleged violation of the HBOR).

23   Accordingly, Defendants respectfully request that the Court sustain the present Motion to

24   Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), without leave to amend.

25

26

27   [1]  This is exclusive of his earlier bankruptcy petitions.
     [2]  Defendant JP Morgan Chase Bank, N.A. was erroneously sued as "J.P. Morgan Chase Bank N.A."
28   [3]  All references to "Section" herein refer to the California Civil Code, unless otherwise specified.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS                                    -1-                        4:14-CV-00351-KAW

75634894.1 0052161- 01234

1

## II. STATEMENT OF FACTS

2 **A.      Plaintiff's Mortgage**

3           On or about March 8, 2005, Plaintiff borrowed $600,000.00 from Long Beach Mortgage

4 Company ("Long Beach") to acquire the Property.  (Compl., ¶ 12; Deed of Trust, hereinafter

5 "DOT",  Request for Judicial Notice ("RJN"), Ex. 1.)  Plaintiff's loan was secured by a Note and

6 DOT, with the DOT recorded March 16, 2005.  (DOT, RJN, Ex. 1.)  The DOT designated Long

7 Beach as the "Lender," "Beneficiary" and "Trustee."  (DOT, RJN, Ex. 1.)  On May 18, 2006,

8 Long Beach executed a Substitution of Trustee, naming California Conveyance Company

9 ("CRC") as the new Trustee under the DOT.  (Substitution of Trustee, RJN, Ex. 2.)

10 **B.      Plaintiff's Default on His Mortgage**

11           Plaintiff's early default is evidenced by a May 18, 2006 Notice of Default and Election to

12 Sell ("NOD"), recorded by CRC.  (5/18/06 NOD, RJN, Ex. 3.)  On August 23, 2006, CRC

13 recorded a Notice of Trustee's Sale ("NOTS").  (8/23/06 NOTS, RJN Ex. 4.)  The Property,

14 however, was not sold at a Trustee's Sale in 2006.

15           An NOTS was again recorded August 22, 2008.  (8/22/08 NOTS, RJN, Ex. 5)  On

16 November 5, 2008, CRC recorded a Notice of Rescission.  (11/5/08 Notice of Rescission, RJN,

17 Ex. 6.)  On August 11, 2008, another NOD was recorded.  (8/11/09 NOD, RJN, Ex. 7).  Again,

18 the Property was not sold at a Trustee's Sale in 2008.

19 **C.      The Servicing History on Plaintiff's Mortgage**

20           By 2012, Chase was servicing Plaintiff's loan.  (Compl., ¶ 13.)  In March 2012, Plaintiff

21 allegedly lost his job.  (Compl., ¶ 13.)  Shortly thereafter, in 2012, Plaintiff applied for a loan

22 modification with Chase.  (Compl., ¶ 13.)  However, Plaintiff's only income was "rental

23 income"-- that Chase would not consider for purposes of qualifying for a modification with

24 Chase.  (Compl., ¶ 13.)  Accordingly, Chase denied Plaintiff's application.  (Compl., ¶ 13.)

25           In "early 2013," SPS assumed servicing obligations of Plaintiff's loan.  (Compl., ¶ 12.)

26 Plaintiff alleges that "on or about Summer 2013," he began a new modification application with

27 SPS.  (Compl., ¶15.)  On October 3, 2013, CRC recorded another NOTS.  (10/3/13 NOTS, RJN,

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS                                                    -2-

75634894.1 0052161- 01234

1    Ex. 8.) Plaintiff alleges, wrongly,[4] that he had a loan modification application pending with SPS

2    when the October 3, 2013 NOTS was recorded. (Compl., ¶ 18.)

3        Plaintiff admits that, *specifically to stall foreclosure again*, he filed a Bankruptcy Petition

4    on October 23, 2013 (i.e., while his alleged modification application was pending but before a

5    foreclosure sale). (Compl., ¶ 17.) He admits that when he filed this latest Petition, *he did not*

6    *inform SPS*. (Compl., ¶ 17.) On October 24, 2013, the Property was sold. (Compl., ¶ 17.)

7    **D.**      **Plaintiff's Bankruptcy Petition History Disqualifies Him From HBOR Protection**

8        Plaintiff complains that his latest bankruptcy filing came *while* his alleged permanent loan

9    modification application was pending. (Compl., ¶ 17.) But judicially noticeable court records

10    show that Plaintiff filed for Chapter 13 bankruptcy protection on at least <u>three</u> occasions within

11    the year leading up to foreclosure sale, and thus, Plaintiff is disqualified from protection under

12    either bankruptcy stay laws *or* the HBOR.[5]

13        On May 1, 2012, Plaintiff filed a Voluntary Petition for bankruptcy protection in the U.S.

14    Bankruptcy Court for the Northern District of California, Oakland Division, Case No. 12-43841.

15    (5/1/12 Bankruptcy Petition, RJN, Ex. 9.) On January 15, 2013, Bankruptcy Judge William J.

16    Lafferty, III dismissed Case No. 12-43841, after Plaintiff failed to seek and obtain confirmation

17    of a Chapter 13 Plan. (Order of Dismissal After Case Deficiencies, RJN, Ex. 10.).

18        On April 11, 2013, Plaintiff filed another Voluntary Petition for bankruptcy protection in

19    Case No. 13-42143. (4/11/13 Bankruptcy Petition, RJN, Ex. 11.) On April 12, 2013, the

20    Bankruptcy Court ordered Plaintiff to submit various documents that were required to be included

21    with his Petition, but were not. (4/12/13 Order to File Required Documents Notice Re Automatic

22    Dismissal, RJN, Ex. 12.) Then, on April 30, 2013, after Plaintiff failed to comply with the

23

24

---

[4] Plaintiff's counsel has been provided with documentation demonstrating that Plaintiff's modification application had been denied, in writing, at least 30 days prior to the recording of the NOTS; and counsel is aware that Plaintiff never appealed that denial with SPS. Thus, if Plaintiff is permitted to amend his Complaint, he must do so to the extent he is able and consistent with Federal Rule of Civil Procedure 11.

[5] 11 U.S.C . §362(c)(4)(A)(i) (stating that if a bankruptcy case is filed by a debtor after two or more cases of the debtor were pending within the previous year but dismissed, the stay under subsection (a) of the Bankruptcy Code shall not go into effect); Cal. Civ. Code § 2920.5(c)(2) (C) (discussed in further detail below).

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS    -3-

75634894.1 0052161- 01234

1    Bankruptcy Court's Order of April 12, 2013, Bankruptcy Judge Lafferty dismissed Case No. 13-

2    42143.  (4/30/13 Order of Dismissal, RJN, Ex. 13.)

3            On October 23, 2013, the day before the Property was sold at the foreclosure sale,

4    Plaintiff filed another Voluntary Petition for bankruptcy protection in the U.S. Bankruptcy Court

5    for the Northern District of California, Oakland Division, Case No. 13-45842.  (10/23/2013

6    Bankruptcy Petition, RJN, Ex. 14.)  On November 7, 2013, the Bankruptcy Court ordered

7    Plaintiff to provide the Bankruptcy Trustee with a copy of his most recent Federal tax returns.

8    (11/7/13 Order Extending Deadline, RJN, Ex. 15.)  On December 4, 2013, after Plaintiff failed to

9    comply with the Bankruptcy Court's November 7 Order, Bankruptcy Judge M. Elaine Hammond

10   dismissed Case No. 13-45842.  (12/4/13 Order of Dismissal, RJN, Ex. 16.)  Plaintiff concedes

11   that he "didn't give notice of the Bankruptcy filing [to SPS] until after the subject property sold at

12   foreclosure sale on October 24, 2013."  (Compl., ¶ 17.)

## III.  ARGUMENT

### A.    Legal Standard

15           Federal Rule of Civil Procedure 12(b)(6) directs dismissal of any complaint that fails to

16   "state a claim upon which relief can be granted."  To survive a motion to dismiss, a complaint

17   must allege sufficient facts to "state a claim to relief that is plausible on its face."  *Ashcroft v.*

18   *Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  "A pleading that

19   offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

20   not do.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

21           Although the Court may accept well-pleaded facts in the Complaint as true, bald

22   assertions and legal conclusions are "not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at

23   679.  The plausibility standard requires "more than a sheer possibility that a defendant has acted

24   unlawfully."  *Id.* at 678.  "A claim has facial plausibility when the plaintiff pleads factual content

25   that allows the court to draw the reasonable inference that the defendant is liable for the

26   misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief

27   will . . . be a context-specific task that requires the reviewing court to draw on its judicial

28   experience and common sense."  *Id.* at 679.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS                                      -4-

75634894.1 0052161- 01234

**B.      Plaintiff's Sole Cause Of Action For "Dual-Tracking" Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted**

The HBOR, which became effective January 1, 2013, states that "*[i]f* a *borrower* submits a *complete application* for a first lien loan modification . . . a mortgage servicer . . . shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c) (emphasis added).  In passing the HBOR, however, California's Legislature intended to "ensure that borrowers who may *qualify* for a foreclosure alternative are considered for, and have a meaningful opportunity to obtain, available loss mitigation options." Homeowners Bill of Rights, S.B. 900, 2012 Cal. Legis. Serv. Ch. 87, § 1(b) (emphasis added).  Thus, *the HBOR does not apply to all home loan borrowers*.

Indeed, limitations to HBOR application are found throughout the HBOR.  For example, Section 2923.6(c) states that "[i]f a *borrower* submits a *complete application* for a first lien loan modification . . . a mortgage servicer . . . shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c) (emphasis added).  The HBOR also specifically *excludes* from its application the following individuals from the definition of "borrower":

> (B) An individual who has contracted with an organization, person, or entity whose primary business is advising people who have decided to leave their homes on *how to extend the foreclosure process and avoid their contractual obligations to mortgagees or beneficiaries*.
>
> (C) An individual who has filed a case under Chapter 7, 11, 12, or 13 of Title 11 of the United States Code and the *bankruptcy* court has not entered an order closing or dismissing the bankruptcy case, or granting relief from a stay of foreclosure.

Cal. Civ. Code § 2920.5(c)(2)(B)-(C) (emphasis added).

As is evident in Section 2920.5(c)(2)(B), the HBOR is not meant to be used as a tool to delay inevitable foreclosure.  Indeed, another principle of exclusion for persons intent on delaying proper foreclosure is found in Section 2923.6(g).  That section states:

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS
75634894.1 0052161- 01234

-5-

1
2
3
4
5
6

> [*i*]*n order to minimize the risk of borrowers submitting multiple applications for first lien modifications for the purpose of delay*, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013 . . . unless there has been a *material* change in the borrower's financial circumstances . . . and that change is *documented by the borrower and submitted to the mortgage* servicer.

7   Cal. Civ. Code § 2923.6(g) (emphasis added).

8   Finally, even if an individual were to qualify for protection under the HBOR despite the

9   qualifications enumerated above, there are very limited remedies under the HBOR. *See* Cal. Civ.

10   Code § 2924.12 (limiting HBOR causes of action to "material" violations/violations causing

11   "actual" damages).

12   As discussed below, Plaintiff is not entitled to protection under the HBOR and, to the

13   extent he is, his history of bankruptcy and delinquency precludes him from establishing the

14   predicate materiality and damages necessary to state a claim under the HBOR. He simply has not

15   been prejudiced by any suggested violation, if one occurred.

16
17

**1.   Plaintiff's Claim Against Chase is Subject to Dismissal Because There Was No Improper Processing of a Loan Modification Application, NOD or NOTS Recorded While Chase Was Considering Plaintiff For A Modification**

18   With respect to Defendant Chase, Plaintiff fails to state a claim because he makes *no*

19   allegations concerning Chase that it violated the HBOR. (*See* Compl., ¶ 23-25.) Quite frankly,

20   he cannot because the newly-enacted HBOR's application is not retroactive to mortgage activities

21   pre-dating January 1, 2013, such as Chase's activities discussed in the Complaint. *See*, *Rockridge*

22   *Trust v. Wells Fargo, N.A.*, No. C-13-01457, 2013 WL 5428722, *29 (N.D. Cal. Sept. 25, 2013)

23   (dismissing without leave to amend HBOR claims directed against an NOD executed before

24   January 2013). Plaintiff concedes that "[o]n or about 2012, Plaintiff was being reviewed for a

25   loan modification with Chase." (Compl., ¶ 13.)

26   But Plaintiff further admits that, when he applied for a loan modification with Chase, he

27   was *unemployed*, and Chase did not consider his rental income as "income" for purposes of its

28   loan modification requirements. Chase, not surprisingly, consequently denied Plaintiff's loan

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS                                                    -6-

75634894.1 0052161- 01234

1   modification application by *March 2012*, without any alleged wrongdoing.  (Compl., ¶ 13.)

2   Moreover, there was no alleged non-complaint NOD or NOTS related to the Property recorded

3   under Chase's servicing.

4          Accordingly, Plaintiff's sole allegation of "dual tracking' is particularly meritless as to

5   Chase, which did not: service Plaintiff's loan at the time alleged in the Complaint, ever

6   improperly process a loan modification application by Plaintiff, or ever record an instrument

7   related to Plaintiff's foreclosure that could possibly give rise to a HBOR violation.  In sum,

8   Plaintiff has not and cannot possibly state a viable claim against Chase and Chase should be

9   dismissed from this action.[6]

10          **2.       Plaintiff's Claim Against SPS is Subject to Dismissal Because The HBOR
                        Does Not Apply To Him - He Lacks Standing**

11

12          **a.       Plaintiff Has Failed To Establish That He Provided SPS With
                        Documentation Supporting A Material Change In His Financial
                        Circumstances**

13

14          As discussed above, Section 2923.6(g) states that "[i]n order to minimize the risk of

15   borrowers submitting multiple applications for first lien modifications for the purpose of delay,

16   the mortgage servicer shall not be obligated to evaluate applications from borrowers who have

17   already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan

18   modification prior to January 1, 2013 . . . unless there has been a *material* change in the

19   borrower's financial circumstances . . . and that change is *documented by the borrower and*

20   *submitted to the mortgage* servicer."  Cal. Civ. Code § 2923.6(g) (emphasis added).

21          Here, Plaintiff concedes that Chase properly considered him for a modification in 2012.

22   But he fails to plead that he has satisfied the requirements of Section 2923.6(g), a predicate for his

23   present claim against SPS.

24          A case illustrating the application of this specific HBOR provision to Plaintiff's case is

25   *Winterbower v. Wells Fargo Bank, N.A.*, No. SA CV 13-0360-DOC-MLGx, 2013 WL 1232997

26

_____

[6] Parenthetically, Plaintiff's counsel has also been provided with documentation proving that Chase was

27   not the servicer on his loan at the time of the events alleged in the Complaint that comprise the basis for
     his HBOR claim.  Thus, should Plaintiff amend his Complaint as to Chase, he must do so within the

28   requirements of Fed. R. Civ. Proc. R. 11.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS                                    -7-

75634894.1 0052161- 01234

1    (C.D. Cal. Mar. 27, 2013).  There, the plaintiffs offered "a *detailed statement* in support of their

2    request for an injunction that they had "a change of circumstance[,] as their income and expenses

3    have changed." (*Id.* (italics added.)).  They claimed that, per the HBOR, the defendants could not

4    "carry out a sale – they are obliged to consider the loan application because there was a material

5    change in the borrower's financial circumstances and the change was 'documented and

6    submitted.'" (*Id.*)

7         The *Winterbower* Court rejected this argument, finding that:

8             to "document" and "submit" a material change in circumstance means
              more than simply stating one's expenses decreased and then providing two
9             numbers. Otherwise, such a barebones description would easily sidestep
              the entire purpose of subsection (g), *which is meant to relieve mortgage*
10            *servicers from evaluating multiple loan modification applications*
              *submitted for the purpose of delay.*
11

12   (*Id.*(citing Cal. Civ. Code § 2923.6(g) (emphasis added).)

13        Plaintiff has offered *less* than the unsuccessful plaintiff in *Winterbower*.  According to

14   Plaintiff, his "changed financial condition" exists only in his mind; he does not allege that he

15   *provided* any documentation concerning changed income or "rental income" to SPS.  (Compl., ¶¶

16   13-15.)  But if the submission of the Plaintiff's *documents* in *Winterbower* was "barebones," the

17   allegations in Plaintiff's Complaint on this issue are non-existent.

18        Accordingly, Plaintiff cannot state a claim under Section 2923.6.

19        **b.    Plaintiff Is Not Entitled To Protection Under The HBOR**

20        There is no question that the HBOR is *not intended to* protect individuals like Plaintiff

21   who simply have no means to pay for their mortgage and engage in repeated, bad-faith tactics to

22   delay and avoid foreclosure – whether by insincerely and repeatedly asserting a right to protection

23   under the HBOR or rules applicable to bankruptcy. *See* Cal. Civ. Code § 2920.5(c)(2)(B)-(C).

24   Plaintiff has filed *numerous* bankruptcy petitions for the sole purpose of delaying foreclosure, and

25   Plaintiff has *already* been considered and denied a modification.  Against this backdrop, Plaintiff

26   cannot be permitted to sustain this unsupported lawsuit against Defendants.

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS                                          -8-

75634894.1 0052161- 01234

**3.      Plaintiff's Claim Against SPS is Subject to Dismissal Because He Cannot Establish Materiality and Damages**

Even assuming the HBOR applied to Plaintiff, Plaintiff cannot establish the predicate materiality and damages to state a claim under Section 2923.6. *See* Cal. Civ. Code § 2924.12. Plaintiff specifically alleges as follows: "SPS had promptly received all documentation requested during the course of its loan modification application process on October 3, 2013. However, SPS proceeded to record a Notice of Trustee's Sale and continue[d] the foreclosure process in violation of Cal. Civ. Code § 2923.6." (Compl., ¶ 23.) There are no other actions that form the basis for his Section 2923.6 claim.

Section 2920.5(c)(2)(C) states that a "borrower" entitled to protections of the HBOR *shall not include* "[a]n individual who has filed a case under Chapter 7, 11, 12 or 13 of Title 11 of the United States Code and the bankruptcy court has not entered an order closing or dismissing the bankruptcy case, or granting relief from a stay of foreclosure." Here, Plaintiff filed for bankruptcy protection on October 23, 2013. (Compl., ¶ 17; *see* 10/23/2013 Bankruptcy Petition, RJN, Ex. 14.) The foreclosure sale took place on October 24, 2013. (Compl., ¶ 17.) Thus, at least at the time when the foreclosure sale occurred, Plaintiff was not a "borrower" under the HBOR and SPS was not required to comply with Section 2923.6.

To the extent Plaintiff claims SPS *technically* violated Section 2923.6 by recording the NOTS on October 3, 2013, Plaintiff cannot allege that "violation" was material or that it actually damaged him. Section 2924f requires only that servicers wait 20 days after posting and recording the NOTS before commencing a foreclosure sale.[7] Here, Plaintiff's October 2013 bankruptcy was pending from October 23, 2013 until December 4, 2013 (*See* 10/23/2013 Bankruptcy Petition, RJN, Ex. 14; 12/4/13 Order of Dismissal, RJN, Exs. 15-16.) Thus, the HBOR would not

---

[7] Upon default by the trustor, a "trustee, mortgagee, or beneficiary, or any of their authorized agents" may *record a "notice of default"* in the office of the county recorder for each county where the secured real property (or any part thereof) is located to commence nonjudicial foreclosure. Cal. Civ. Code § 2924(a)(1); *Knapp v. Doherty*, 123 Cal. App. 4th 76, 99 (2004). After the notice of default is recorded, the trustee must wait three calendar months before proceeding with the sale. Cal. Civ. Code § 2924(a)(2). After the three-month period has elapsed, a notice of trustee's sale must be published, posted and mailed 20 days before the sale and recorded 14 days before the sale. Cal. Civ. Code § 2924f.

1  have applied to Plaintiff for a period of 43-days, which is more than enough time for SPS to have

2  posted and recorded the NOTS, and conducted the Trustee's Sale. Therefore, Plaintiff cannot

3  establish that any violation of the HBOR was material, nor can he establish how a mere 20-day

4  difference could have actually damaged him, especially when he had filed for bankruptcy three

5  times in year leading up to the foreclosure sale.

6                                    **IV.  CONCLUSION**

7          For the reasons stated herein, Defendants respectfully request that this Court sustain their

8  Motion to Dismiss, without leave to amend, as the problems with Plaintiff's pleading are

9  incurable by any amendment.

10

11  DATED:  February 24, 2014                    Respectfully submitted,

12
                                                STOEL RIVES LLP
13

14                                              /s/ Thomas A. Woods
                                                    Thomas A. Woods
15                                                  Bao M. Vu
                                                    Attorneys for Defendants
16                                                  JPMorgan Chase Bank, N.A., and
                                                    Select Portfolio Servicing, Inc.
17

18

19

20

21

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS                                    -10-

75634894.1 0052161- 01234