UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL A. WITHERS,<br><br>    Plaintiff,<br><br>vs.<br><br>J.P. MORGAN CHASE BANK N.A., a National Association; SELECT PORTFOLIO SERVICING, INC., a Utah Corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No: C 14-0351 SBA<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Docket 8 |

The parties are presently before the Court on Select Portfolio Servicing, Inc.'s ("SPS") motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Dkt. 8. Plaintiff Michael Withers ("Plaintiff") opposes the motion. Dkt. 15. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.    BACKGROUND**

On or about March 8, 2005, Plaintiff borrowed $600,000 from Long Beach Mortgage Company ("Long Beach") to finance a single family residence located at 886 45th St., Oakland, CA 94608 ("the property"). Compl. ¶ 12; Defs.' Req. for Judicial Notice

---

[1] Defendant J.P. Morgan Chase Bank N.A. ("Chase") also moved to dismiss the complaint. Dkt. 8. However, after the instant motion was filed, the parties' stipulated to dismiss Chase from this action under Rule 41(a) of the Federal Rules of Civil Procedure. Dkt. 22.

("RJN"), Exh. 1, Dkt. 8-2.  As part of the transaction, Plaintiff executed a Promissory Note in favor of his lender and granted the lender a security interest in the property in the form of a Deed of Trust.  Compl. ¶ 12.

On May 18, 2006, a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") was recorded.  Defs.' RJN, Exh. 3.  On August 23, 2006, a Notice of Trustee's Sale was recorded, notifying Plaintiff that a trustee's sale was scheduled on September 12, 2006. Id., Exh. 4. The property, however, was not sold on that date.  On August 22, 2008, another Notice of Trustee's Sale was recorded, scheduling a trustee's sale on September 11, 2008.  Id., Exh. 5.  Again, the property was not sold at the scheduled trustee's sale.  On November 5, 2008, a Notice of Rescission was filed, rescinding the Notice of Default.  Id., Exh. 6.

On August 11, 2009, a Notice of Default was recorded.  Defs.' RJN, Exh. 7.  In or around 2012, Chase considered Plaintiff for a loan modification.  Compl. ¶ 13.  However, because Chase did not consider rental income as income, and Plaintiff lost his job on or about March 2012, Chase denied Plaintiff's loan modification application.  Id.  On May 1, 2012, Plaintiff filed a Chapter 13 bankruptcy petition.  Defs.' RJN, Exh. 9.  On January 25, 2013, Plaintiff's bankruptcy case was dismissed.  Id., Exh. 10.

Sometime in 2013, SPS became the servicer of Plaintiff's loan.  Compl. ¶ 14.  On April 11, 2013, Plaintiff filed a Chapter 13 bankruptcy petition.  Defs.' RJN, Exh. 11.  On April 30, 2013, Plaintiff's bankruptcy case was dismissed.  Id., Exh. 12.  In or around "Summer 2013," Plaintiff "began a new modification application" with SPS because he experienced a material change in his financial circumstances as he returned to work in January 2013 and SPS considered rental income as income.  Compl. ¶ 15.  According to Plaintiff, while he submitted all of the documents requested by SPS in a timely manner, SPS frequently notified him that documents were not received.  Id.

On or about October 3, 2013, SPS recorded a Notice of Trustee's Sale, even though Plaintiff had a complete loan modification application pending.  Compl. ¶ 16.  As the October 24, 2013 sale date approached, SPS representatives made it clear to Plaintiff that

they would sell the property despite the fact that Plaintiff's loan modification application was under review.  Id. ¶ 17.  On October 23, 2013, Plaintiff filed a Chapter 13 bankruptcy petition.  Id.; Defs.' RJN, Exh. 14.  Plaintiff, however, did not notify SPS of the bankruptcy filing until after the property was sold at the foreclosure sale on October 24, 2013.  Compl. ¶ 17.  On December 4, 2014, Plaintiff's bankruptcy case was dismissed.  Defs.' RJN, Exh. 16.

On December 20, 2013, Plaintiff commenced the instant action alleging one claim for relief under the Homeowner Bill of Rights ("HBOR").  Compl., Dkt. 1.  Plaintiff alleges that SPS violated California Civil Code § 2923.6 by engaging in "dual tracking," which is a practice whereby a mortgage servicer evaluates a homeowner's eligibility for a loan modification while simultaneously advancing the foreclosure process.  Id.  Specifically, Plaintiff alleges that SPS violated the HBOR by recording a Notice of Trustee's Sale while simultaneously evaluating Plaintiff's loan modification application.  Id.

## II. LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  The court is to "accept all factual allegations in the

complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 563 U.S. at 678.  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible." Id. at 683.  Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotation marks and citation omitted).

Where a complaint or claim is dismissed, "[l]eave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." Knappenberger v. City of Phoenix, 566 F.3d 936, 942 (9th Cir. 2009).  Leave to amend is not required where permitting further amendment to the pleadings would be futile.  See Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1049-1050 (9th Cir. 2006).

**III.   DISCUSSION**

    **A.   Judicial Notice**

SPS requests the Court take judicial notice of various documents recorded in the Official Records of Alameda County.  SPS also requests the Court take judicial notice of various bankruptcy court filings.  Plaintiff does not oppose SPS's request for judicial notice.

A court may judicially notice a fact that is not subject to reasonable dispute because it:  "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b).  In actions arising from mortgage disputes, courts may take judicial notice of the deed of trust and other documents pertaining to the loan. Kelley

v. Mortgage Electronic Registration Systems, Inc., 642 F.Supp.2d 1048, 1052-1053 (N.D. Cal. 2009).  A court may also take judicial notice of court filings and other matters of public record.  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006).  Accordingly, because the documents submitted by SPS are the proper subject of judicial notice, SPS's unopposed request for judicial notice is GRANTED.

**B.     Motion to Dismiss**

SPS contends that dismissal of the complaint is appropriate for three reasons:  (1) Plaintiff has not alleged facts establishing that he provided SPS with documentation demonstrating that he experienced a material change in his financial circumstances; (2) Plaintiff does not qualify for protection under the HBOR because he has engaged in repeated, bad faith tactics to delay and avoid foreclosure; and (3) Plaintiff has not alleged facts establishing a material violation of the HBOR or that the recording of the Notice of Trustee's Sale caused him to suffer any damages.

**1.     HBOR**

The HBOR prohibits the practice commonly known as "dual tracking," whereby financial institutions continue to pursue foreclosure while evaluating a borrower's loan modification application.  See Jolley v. Chase Home Finance, LLC, 213 Cal.App.4th 872, 904 (2013).  Section 2923.6 provides, in relevant part:

> (c) If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending.  A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:
>
> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired. . . .

Cal. Civ. Code § 2923.6(c).

It further provides that:

> (g) In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from

- 5 -

> borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.

Cal. Civ. Code § 2923.6(g). A loan modification application is deemed "complete" when "a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." Cal. Civ. Code § 2923.6(h).

### 2. Material Change in Financial Circumstances

Because it is undisputed that Chase denied Plaintiff's loan modification application prior to January 1, 2013, SPS was only required to evaluate the loan modification application submitted by Plaintiff in "Summer 2013" if there was a "material change" in Plaintiff's financial circumstances since Chase's denial of his loan modification application and that change was documented by Plaintiff and submitted to SPS. See Cal. Civ. Code § 2923.6(g). Here, Plaintiff alleges that his return to the workforce in or around January 2013, and SPS's consideration of rental income as income, constitutes a "material change in his financial circumstances." Compl. ¶ 15. Plaintiff further alleges that "SPS had promptly received all documentation requested during the course of its loan modification application process on October 3, 2013." Id. ¶ 23.

The Court finds that Plaintiff has failed to allege sufficient facts to trigger the protections of the HBOR. Plaintiff has not alleged facts plausibly suggesting that he provided SPS with documentation establishing a material change in his financial circumstances within the meaning of the HBOR. The complaint is devoid of any factual detail in this regard. Fox example, Plaintiff has not identified any specific document that he provided to SPS. Nor has he described the contents of the documentation he allegedly provided to SPS. Instead, Plaintiff simply alleges that "SPS promptly received all documentation requested during the course of its loan modification process on October 3, 2013." This conclusory allegation is inadequate to withstand SPS's motion to dismiss.

Accordingly, SPS's motion to dismiss Plaintiff's HBOR claim is GRANTED with leave to amend.

### 3. Protection Under the HBOR

SPS contends that Plaintiff did not qualify as a "borrower" subject to the protections of the HBOR because of his repeated, bad-faith tactics to delay and avoid foreclosure, including the filing of numerous bankruptcy petitions. In support of its position, SPS cites § 2920.5(c)(2)(B), (C).

Section 2920.5(c) provides, in relevant part:

> (c)(1)  Unless otherwise provided and for purposes of Section[] . . . 2923.6 . . ., 'borrower' means any natural person who is a mortgagor or trustor and who is potentially eligible for any federal, state, or proprietary foreclosure prevention alternative program offered by, or through, his or her mortgage servicer.
>
> (2) For purposes of the sections listed in paragraph (1), 'borrower' shall not include any of the following:
>
> . . . .
>
> (B) An individual who has contracted with an organization, person, or entity whose primary business is advising people who have decided to leave their homes on how to extend the foreclosure process and avoid their contractual obligations to mortgagees or beneficiaries.
>
> (C) An individual who has filed a case under Chapter 7, 11, 12, or 13 of Title 11 of the United States Code and the bankruptcy court has not entered an order closing or dismissing the bankruptcy case, or granting relief from a stay of foreclosure.

The Court finds that SPS has failed to demonstrate that Plaintiff was not entitled to the protection of the HBOR at the time the Notice of Trustee's Sale was recorded. As an initial matter, while SPS relies on § 2920.5(c)(2)(B) to argue that dismissal of the complaint is appropriate, SPS failed to provide any authority or legal analysis demonstrating that this provision applies. As such, this argument lacks merit. It is not the role of the Court to make SPS's arguments for it. See <u>Indep. Towers of Wash. v. Wash.</u>, 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court."); <u>George v. Morris</u>, 736 F.3d 829, 837 (9th Cir. 2013) ("We will not 'do [a party's] work for it . . . by manufacturing its legal arguments. . . .").

Moreover, a review of the complaint does not reveal any facts plausibly suggesting that § 2920.5(c)(2)(B) applies to this case.

SPS's argument for dismissal under § 2920.5(c)(2)(C) also lacks merit.  The HBOR excludes from the definition of "borrower" an "individual who has filed a case under Chapter 7, 11, 12, or 13 of Title 11 of the United States Code *and* the bankruptcy court has not entered an order closing or dismissing the bankruptcy case, or granting relief from a stay of foreclosure."  Cal. Civ. Code § 2920.5(c)(2)(C) (emphasis added).  While Plaintiff filed Chapter 13 bankruptcy petitions in May 2012 and April 2013, both bankruptcy cases were dismissed prior to the recording of the Notice of Trustee's Sale on October 3, 2013.  Accordingly, because Plaintiff did not have a bankruptcy case pending when the Notice of Trustee's Sale was recorded on October 3, 2013, the Court rejects SPS's contention that Plaintiff was not a "borrower" entitled to the protection of the HBOR.  The plain language of § 2920.5(c)(2)(C) does not support SPS's position.  Further, SPS has not argued that Plaintiff was not entitled to the protection of the HBOR at the time the Notice of Trustee's Sale was recorded, let alone cited any decisional authority supporting such a proposition.

### 4. Materiality and Damages

SPS contends that, even assuming that Plaintiff is entitled to the protection of the HBOR, "Plaintiff cannot establish the predicate materiality and damages to state a claim under Section 2923.6."  SPS argues that "[t]o the extent Plaintiff claims SPS *technically* violated Section 2923.6 by recording the [Notice of Trustee's Sale] on October 3, 2013, Plaintiff cannot allege that 'violation' was material or that it actually damaged him."  According to SPS, because Plaintiff filed a Chapter 13 bankruptcy petition on October 23, 2013 (i.e., one-day before the property was sold at the trustee's sale), and because his bankruptcy case was pending for a period of 43-days, Plaintiff cannot establish that any violation of the HBOR was material or that he suffered any damages from such a violation as SPS could have filed a Notice of Trustee's Sale and foreclosed on the property while Plaintiff's bankruptcy case was pending.

Section 2924.12(b) provides that "[a]fter a trustee's deed upon sale has been recorded, a mortgage servicer . . . or authorized agent shall be liable to a borrower for actual economic damages . . . resulting from a material violation of Section . . . 2923.6 . . . by that mortgage servicer . . . or authorized agent where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale.  If the court finds that the material violation was intentional or reckless, or resulted from willful misconduct by a mortgage servicer . . . or authorized agent, the court may award the borrower the greater of treble actual damages or statutory damages of fifty thousand dollars ($50,000)." Cal. Civ. Code § 2924.12(b).

The Court finds that SPS has not demonstrated that dismissal of the complaint is warranted on the ground that Plaintiff "cannot establish the predicate materiality and damages to state a claim under Section 2923.6." Plaintiff alleges that SPS violated § 2923.6 by filing a Notice of Trustee's Sale on October 3, 2013 while he had a complete loan modification application pending. Compl. ¶ 16. Plaintiff further alleges that SPS representatives made it clear that they would sell the house despite the loan modification review. Id. ¶ 17. According to Plaintiff, the property was sold at a trustee's sale on October 24, 2013 while his loan modification application was pending. Id. By this action, Plaintiff seeks, among other things, treble damages for SPS's intentional, reckless, and/or willful violation of § 2923.6. Id. at 7. SPS has not cited any authority supporting the proposition that the alleged violation of § 2923.6 was not material within the meaning of the HBOR or that Plaintiff did not suffer any damages as a result of the alleged violation.

### C.     Rule 11

In its moving papers, SPS notes that Plaintiff "wrongly" alleges that he had a loan modification application pending with SPS when the Notice of Trustee's Sale was recorded on October 3, 2013. SPS asserts that "Plaintiff's counsel has been provided with documentation demonstrating that Plaintiff's modification application had been denied, in writing, at least 30 days prior to the recording of the [Notice of Trustee's Sale]; and counsel

is aware that Plaintiff never appealed that denial with SPS." Plaintiff offers no response to SPS's assertion.

The Court is troubled by Plaintiff's silence regarding this issue. If SPS's assertion is true, Plaintiff's § 2923.6 claim would fail as a matter of law. Section 2923.6(c) provides that a mortgage servicer may proceed with a trustee's sale if "[t]he mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired. Cal. Civ. Code. § 2923.6(c)(1). Section 2923.6(d) provides that "[i]f the borrower's application for a first lien loan modification is denied, the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error." Cal. Civ. Code. § 2923.6(d). If the borrower does not appeal the denial, a mortgage servicer may conduct a trustee's sale "[t]hirty-one days after the borrower is notified in writing of the denial." Cal. Civ. Code. § 2923.6(e)(1).

While the Court has determined that leave to amend is appropriate, Plaintiff is cautioned that he should only amend his complaint if he can do so in good faith and in compliance with his obligations under Rule 11 of the Federal Rules of Civil Procedure. Rule 11 requires that pleadings presented to the Court contain factual contentions which have "evidentiary support" and claims that are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law. . . ." Fed.R.Civ.P. 11(b)(2)-(3). Rule 11 prohibits filings made "for any improper purpose, such as to harass. . . ." Fed.R.Civ.P. 11(b)(1). Rule 11 sanctions are appropriate "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." Estate of Blue v. County of Los Angeles, 120 F.3d 982, 985 (9th Cir. 1997). The "central purpose of Rule 11 is to deter baseless filings." Townsend v. Holman Consulting Co., 929 F.2d 1358, 1363 (9th Cir. 1990). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed.R.Civ.P. 11(c)(1).

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. SPS's motion to dismiss is GRANTED.

2. Plaintiff may file a first amended complaint within twenty-one (21) days of the date this Order is filed. Plaintiff may not add any new claims absent prior leave of Court. The Court warns Plaintiff that the failure to timely file a first amended complaint will result in the dismissal of this action without prejudice. The Court cautions Plaintiff that the failure to comply with Rule 11 may result in the imposition of sanctions, including the dismissal of this action.

3. This Order terminates Docket 8.

IT IS SO ORDERED.

Dated: 7/11/2014

SAUNDRA BROWN ARMSTRONG
United States District Judge

- 11 -