UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL A. WITHERS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>J.P. MORGAN CHASE BANK N.A., a National Association; SELECT PORTFOLIO SERVICING, INC., a Utah Corporation; and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No:  C 14-0351 SBA<br><br>**DISMISSAL ORDER** |

　　　　On July 11, 2014, the Court issued an Order granting Select Portfolio Servicing, Inc.'s motion to dismiss the complaint. Dkt. 25. Plaintiff was given twenty-one (21) days (i.e., until August 1, 2014) to file a first amended complaint. Id.  The Court expressly warned Plaintiff that the failure to timely file a first amended complaint would result in the dismissal of this action without prejudice.  To date, Plaintiff has not filed a first amended complaint.

　　　　"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  The failure to file an amended complaint as directed by a district court constitutes grounds for dismissal under Rule 41(b). Yourish v. California, 191 F.3d 983, 986 (9th Cir. 1999) ("Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim.").

"Dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." Ferdik, 963 F.2d at 1260.  As such, before dismissing an action, the Court must evaluate five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).  Dismissal is proper "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal."  Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011).

In the instant case, the Court finds that the above-referenced factors weigh in favor of dismissal.  With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  Yourish, 191 F.3d at 990.

The second factor also militates in favor of dismissal.  "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." Pagtalunan, 291 F.3d at 642; Yourish, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing a court' need to control its own docket).  Plaintiff's failure to comply with this Court's Order to amend his pleading has interfered with the Court's ability to move the litigation forward and has diverted resources away from other cases on the Court's docket.  See Ferdik, 963 F.2d at 1261 (noting that non-compliance with a court order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to the defendants, generally requires that "a defendant . . . establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."  Pagtalunan, 291 F.3d at 642.  At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting."  Id.  Here, Plaintiff has offered no explanation for his failure to respond nor is any apparent from the record.  These facts also weigh strongly in favor of dismissal.  See Yourish, 191 F.3d at 991; Ghazali v. Moran, 46 F.3d. 52, 54 (9th Cir. 1995).

As to the fourth factor, the Court has already considered less drastic alternatives to dismissal.  Plaintiff failed to amend his complaint, notwithstanding the fact that he was given twenty-one days to do so.  The Court expressly warned Plaintiff that the failure to timely file a first amended complaint would result in the dismissal of this action.  "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement."  Ferdik, 963 F.2d at 1262.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal.").

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of dismissing this action.  Accordingly,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: 8/4/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge